UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONALD BALLARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:13-CV-4628-B |
| | § | |
| WELLS FARGO BANK, N.A., BANK | § | |
| OF AMERICA, N.A., and AH4R I TX | § | |
| DFW, LLC, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Notice of Dismissal of Complaint (doc. 6), which was filed on May 6, 2014 pursuant to Rule 41(a)(1)(A)(i). Fed. R. Civ. P. 41(a)(1)(A)(i). At the time Plaintiff filed his Notice, only Defendant Wells Fargo Bank, N.A. ("Wells Fargo") had filed an answer (doc. 1-7). In addition, only Wells Fargo had filed a motion to dismiss (doc. 4). Some courts have "held that certain pleadings which are neither an answer nor a motion for summary judgment will bar the right to a voluntary dismissal by notice under Rule 41(a)(1)." *Florists' Mut. Ins. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 253 (5th Cir. 1973). These cases have almost invariably "involved proceedings which joined issue on the controversy or brought the court into consideration of the merits of the controversy." *Id.* Here, Wells Fargo's motion is brought under Rule 12(b)(6) and invites the Court to consider the merits of the case. Accordingly, the Court shall construe Plaintiff's Motion as a voluntary dismissal under 41(a)(2), which provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

Voluntary dismissals should be granted freely, "but a plaintiff's request will not be allowed if the non-moving party will suffer some plain legal prejudice." *Harris v. Devon Energy Prod. Co., L.P.*, 500 F. App'x 267, 268 (5th Cir. 2012) (internal quotation marks omitted). Courts have found plain legal prejudice when the plaintiff has moved to dismiss at a late stage of the case or sought to avoid an imminent adverse ruling. *Id.* Often a combination of factors has been present. *See Villanueva v. Wells Fargo Bank, N.A.*, No. 3:11–CV–03951–BH, 2013 WL 1148643, at *2 (N.D. Tex. Mar. 5, 2013) (citing *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 628 F.3d 157, 163 (5th Cir. 2010); *U.S. ex rel. Doe v. Dow Chemical Co.*, 343 F.3d 325 (5th Cir. 2003); *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991); *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990)).

After carefully considering the pleadings, circumstances of the case, and the relevant law, the Court concludes that Plaintiff's motion should be **GRANTED**. None of the defendants has objected to the Notice, and there is no indication that the parties have exerted significant time and effort in this matter. Thus the Court cannot find plain legal prejudice with respect to any of the defendants, and **ORDERS** this case **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED.**

**SIGNED: June 9, 2014**.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE